# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARTHUR R. MORALES,

    Plaintiff,

  -vs-                                                                         No. CIV 97-0350 LH/DJS

LOCKHEED MARTIN CORPORATION,
SANDIA CORPORATION, SANDIA NATIONAL
LABORATORIES, BOBBIE V. WILLIAMS,
ANTHONY L. THORNTON, CHARLES E.
EMERY, C. PAUL ROBINSON, and EDWARD D.
GRAHAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiff's Affidavit for Removal of Judge LeRoy C. [sic] Hansen from Case (Docket No. 122), filed May 13, 1999, which the Court treats as a motion for recusal. The Court, having considered the Affidavit, the memoranda of the parties, and applicable law, and otherwise being fully advised, finds the Affidavit insufficient and thus Judge C. LeRoy Hansen **declines to remove himself** from this matter.

      Plaintiff, appearing *pro se*, seeks removal of Judge Hansen under 28 U.S.C. § 144. *Pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 5121 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

      Section 144 requires a judge to remove himself from a case whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

or prejudice either against him or in favor of any adverse party . . . ." 28 U.S.C. § 144. The simple filing of an affidavit does not automatically disqualify a judge. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). The affidavit must be sufficient. A "sufficient affidavit" establishes personal rather than judicial bias. *Id.* It must contain more than mere conclusions. *Id.* Indeed, it must show facts indicating that the judge has formed an opinion on the merits on some basis other than what he has learned from his participation in the case. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Adverse rulings are not sufficient to show personal bias or prejudice. *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992)*; Bray*, 546 F.2d at 857; *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976). Furthermore, the affidavit is to be strictly construed against the affiant and there is substantial burden on the affiant to demonstrate the judge is not impartial. *Hinman,* 831 F.2d at 939. In addition, there is as much obligation for a judge *not* to recuse when there is no occasion for him to do so as there is for him to recuse when there is reason to do so. *Id*. The decision to recuse is committed to the sound discretion of the judge. *Id.* at 938.

In this case, Plaintiff's Affidavit sets out a list of rulings that were not in Plaintiff's favor. As stated above, adverse rulings are not sufficient to show personal bias or prejudice. Plaintiff fails to set forth facts showing that the judge had formed an opinion on the merits on some basis other than what he has learned from his participation in the case.

In addition, Plaintiff includes in his list a complaint that the Court issued three Orders without waiting for Plaintiff's replies. Plaintiff asserts that this denied him his due process rights. There is, however, no evidence before the Court that even remotely suggests that Plaintiff has been prejudiced by the issuance of these Orders prior to the time for replies having elapsed, much less that shows that the Court acted prejudicially toward Plaintiff in this regard. Not only has Plaintiff failed to move for reconsideration of the Orders, but he also has in no way indicated to the Court what the contents of

2

any reply would have been. Thus, the Court cannot even infer that its rulings were incorrect. More importantly, the Plaintiff seems to fail to consider that the Orders as to his Motions are not adverse or prejudicial to Plaintiff in the first instance, to-wit:

1. The Court's Memorandum Opinion and Order (Docket No. 119), filed May 5, 1999, regarding Plaintiff's Motion for Enlargement of Time to Comply with Order from Motion for Summary Judgment Hearing granted the Motion in part, extending the deadline for Plaintiff's portion of the Pretrial Order from April 26, 1999, to May 19, 1999. The Court notes that Plaintiff has not complied with this extended deadline.

2. The Court's Memorandum Opinion and Order (Docket No. 120), filed May 5, 1999, regarding Plaintiff's Motion for Interlocutory Appeal of the Partial Summary Judgment denied the Motion on grounds that the Motion was premature and because the Order Plaintiff wished to appeal was not a final order for purposes of appeal. Furthermore, the Court found that the Order did not involve a controlling issue of law to which there was substantial difference of opinion and that an immediate appeal would not materially advance the ultimate termination of the litigation. Thus, if his issues are properly preserved, Plaintiff may still appeal upon final judgment.

3. The Court's Memorandum Opinion and Order (Docket No. 121), filed May 5, 1999, regarding Plaintiff's letter of April 29, 1999, treated as a Motion to Stay Proceedings pending interlocutory appeal, was denied as it was mooted by the Order regarding the Motion for Interlocutory Appeal.

Thus, Plaintiff has merely itemized his displeasure with the Court's rulings and has not set out facts indicating personal bias or prejudice as required for a sufficient affidavit. Judge Hansen hereby **declines** to remove himself from this matter.

**IT IS HEREBY ORDERED** that Plaintiff's Affidavit for Removal of Judge LeRoy C. [sic] Hansen from Case (Docket No. 122), filed May 13, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

4