# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARTHUR R. MORALES,

    Plaintiff,

-vs-                                                    No. CIV 97-0350 LH/DJS

LOCKHEED MARTIN CORPORATION,
SANDIA CORPORATION, SANDIA NATIONAL
LABORATORIES, BOBBIE V. WILLIAMS,
ANTHONY L. THORNTON, CHARLES E.
EMERY, C. PAUL ROBINSON, and EDWARD D.
GRAHAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Objection to and Relief from Order (Docket No. 128), filed July 2, 1999. The Court, having considered the Motion, the accompanying memorandum, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Plaintiff objects to the Court's Memorandum Opinion and Order of June 25, 1999, denying Plaintiff's Affidavit for Removal of Judge LeRoy C. [sic] Hansen from Case. He cites to FED. R. CIV. P. 60 and to 28 U.S.C. § 144 in support of his Motion. The Court liberally interprets Plaintiff's *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but does not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Plaintiff argues that because it was his intent that the Chief Judge for the District Court of New Mexico decide his Affidavit for Removal, Judge Hansen made a mistake in issuing the Order of June 25, 1999, and that Plaintiff is entitled to relief under FED. R. CIV. P. 60. The decision whether to recuse pursuant to 28 U.S.C. § 144, however, is "committed to the sound discretion of the district judge." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987)(per curiam); *see also, e.g., In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir. 1980)("[I]t is for the judge who is the object of the affidavit [of bias] to pass on its sufficiency." (quoting 13 C. WRIGHT, A. MILLER, AND E. COOPER, FEDERAL PRACTICE AND PROCEDURES § 3551 at 375)); *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976)(en banc; per curiam)("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."). Furthermore, Plaintiff's Motion in no way shows that this Court's ruling on the sufficiency of his affidavit was erroneous. *See United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Objection to and Relief from Order (Docket No. 128), filed July 2, 1999, is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE