# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARTHUR R. MORALES,

    Plaintiff,

-vs-                                                                                                No. CIV 97-0350 LH/DJS

LOCKHEED MARTIN CORPORATION,
SANDIA CORPORATION, SANDIA NATIONAL
LABORATORIES, BOBBIE V. WILLIAMS,
ANTHONY L. THORNTON, CHARLES E.
EMERY, C. PAUL ROBINSON, and EDWARD D.
GRAHAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Resubmittal of Witness List, (Docket No. 149), filed December 8, 1999; Plaintiff's Letter of December 13, 1999, which is treated as a Motion and ordered filed in the Court record; and Plaintiff's Submittal of Addition to Witness List (Docket No. 150), filed December 13, 1999. Also before the Court are Defendant Sandia Corporation's faxed letter responding to issues presently pending before the Court and Plaintiff's faxed letter in reply. These documents also are ordered filed in the Court record.

At the Pretrial Conference held November 30, 1999, the Court directed Plaintiff to submit a detailed statement or explanation of the facts he expected to elicit from the testimony of proposed witnesses Manuel J. Garcia, Miguel Robles, Leo S. Gomez, Ed Cassidy, and Mary A. Tang, in order to determine whether their testimony would be relevant to the issues to be decided at trial. Plaintiff timely filed his Resubmittal of Witness List, however, the Court finds he has not supplied the

information required.  In his Resubmittal, Plaintiff does no more than state that the several witnesses are expected to testify regarding their knowledge of such topics as Plaintiff's "history of proactive effort in civil rights," "company promotion selection process for management positions and company ethic policies," and "Plaintiff's protected status regarding retaliation."  Therefore, these witnesses will be stricken.

Furthermore, the Court notes that at the Pretrial Conference Defendant stipulated to the fact that Plaintiff has engaged in protected opposition to Title VII protected activity.  The Court, of course, had so held in ruling on Defendant's Motion for Summary Judgment (Docket No. 87), in addition to finding that Plaintiff had established adverse action by Defendant contemporaneous to or subsequent to his protected activity and that temporal proximity established a causal connection between Plaintiff's activity and the employer's adverse actions.  Defendant's adverse actions, the subjects for impending trial, are two: 1) not hiring Plaintiff for the Manager (Level 7), EEO/AA Department position and 2) rescinding Plaintiff's A-271 Time, personal leave, and charging it as vacation time.

Plaintiff previously having established his *prima facie* case, the first issue to be addressed at trial will be whether Defendant can establish that its actions against Plaintiff were not in retaliation for his protected activity, but were justified or the result of legitimate business reasons unrelated to Plaintiff's Title VII claims.  Thus, the trial will commence with Defendant's proffer of its defense. Assuming Defendant sets forth legitimate nondiscriminatory reasons for the adverse actions, Plaintiff must then establish through admissible evidence that the Defendant's articulated reason is a mere pretext for retaliation because of his engaging in protected opposition to discrimination.  The overall burden of persuasion always remains on Plaintiff and the ultimate question that the Court must answer is whether Defendant intentionally retaliated against Plaintiff because of his protected activity.

As it appears that neither Messrs. Garcia, Robles, Gomez, and Cassidy nor Ms. Tang can address these issues, this provides alternative grounds for striking them as witnesses in this case. Additionally, the Court notes that in his Resubmittal Plaintiff has untimely named Linda Vigil-Lopez as a witness, and she, too, will be stricken, as will Charles E. Emery, who was untimely named in Plaintiff's Submittal of Addition to Witness List.

Finally, in his Letter/Motion of December 13th, Plaintiff seeks to have Defendant's witness Anthony L. Thornton treated as a "government witness," and submits a proposed order directing that Plaintiff's subpoena of Mr. Thornton "be served expeditiously," in Palmdale, California. The Court finds that Plaintiff's Motion is not well taken. Plaintiff cites no authority justifying designation of Mr. Thornton as a "government witness" or establishing that the Court may order service of a subpoena beyond the limits provided in Fed. R. Civ. P. 45(b)(2).

**IT IS HEREBY ORDERED** that **Plaintiff's Letter**, dated December 13, 1999, **Defendant Sandia Corporation's faxed letter**, dated December 13, 1999, and **Plaintiff's faxed letter**, received December 14, 1999, be **filed in the Court's record of this case**.

**IT IS FURTHER ORDERED** that **Plaintiff's witnesses Manuel J. Garcia, Miguel Robles, Leo S. Gomez, Ed Cassidy, Mary A. Tang, Linda Vigil-Lopez, and Charles E. Emory** are **STRICKEN**.

**IT IS FURTHER ORDERED** that **Plaintiff's Letter/Motion of December 13, 1999**, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**